# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY QUINN, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:09-CR-0080-TCB-JSA-2 |
| UNITED STATES OF | : | |
| AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:12-CV-719-TCB-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant Anthony Quinn has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentence, which was imposed on January 7, 2010, following a guilty plea entered in the Northern District of Georgia.

I.    Procedural History

On October 13, 2009, Movant pleaded guilty in the Northern District of Georgia to possession with the intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II), and 18 U.S.C. § 2. (Docs. 86, 89, Att. 1). Movant entered into a plea agreement, which contains a waiver of Movant's appellate and collateral rights ("appellate waiver"). (Doc. 89, Att. 1, at ¶ 23). On

January 7, 2010, Movant was sentenced to one hundred twenty (120) months of imprisonment, to be followed by eight years of supervised release. (Doc. 100).

Thereafter, Movant filed a direct appeal and raised one issue: that the district court erred in failing to grant Movant a safety valve reduction pursuant to U.S.S.G. § 5C1.2. (Resp. Exh. C). Movant argued that the appellate waiver did not bar this claim because the district court "effectively departed upward" in denying the safety valve reduction, which is excluded from the waiver. (*Id.*). On August 6, 2010, Movant's appeal was dismissed by the Eleventh Circuit because of the "valid appeal waiver" contained in the plea agreement. (Doc. 123). The Eleventh Circuit denied Movant's motion for reconsideration on October 19, 2010. (Resp. Exh. B).

Movant filed a motion for an extension of time to file a § 2255 motion, along with the instant § 2255 motion, on February 23, 2012.[1] (Docs. 126, 127). In the motion, Movant argues that the Court erred: (1) by finding that Movant did not qualify for a safety valve reduction; and (2) in failing to grant a downward

---

[1] Although the motion to vacate was filed with the Clerk of Court on March 3, 2012, under the mailbox rule, it is deemed to be filed on February 23, 2012, the date that Movant signed the § 2255 motion. *See Rodriguez v. United States*, 279 F. App'x 753, 753 (11th Cir. 2008).

2

departure due to Movant's status as a deportable alien. (Doc. 127). Respondent argues that Movant cannot bring his claim because: (1) it is untimely, and (2) the appellate waiver bars Movant's claims. The undersigned agrees.

II.  Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file motions to correct or vacate sentences that violate federal law, as the primary method of collaterally attacking federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166

(1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claims. Thus, no evidentiary hearing is required.

III. Analysis

A. The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

4

AO 72A
(Rev.8/82)

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's conviction and sentence became final. Movant was convicted and sentenced on January 7, 2010, Movant's appeal was dismissed on August 6, 2010, and the Eleventh Circuit denied his motion for reconsideration on October 19, 2010. (Resp. Exh. B). Movant's convictions became final on January 17, 2011, when the ninety-day period for seeking a petition for certiorari with the United States Supreme Court expired. *See* Sup. Ct. R. 13(3); *Warmus v. United States*, 253 F. App'x 2, 5 (11th Cir. 2007) (judgment of conviction becomes final ninety days after the appellate court enters judgment or within ninety days of the appellate court's denial of a motion for rehearing). Thus, Movant had until January 17, 2012, to file a § 2255 motion. The instant motion was filed on February 23, 2012, over one month beyond the statutory time deadline. As such, it is untimely.

AO 72A
(Rev.8/82)

B.     Equitable Tolling is not Warranted.

The one-year limitation period contained in § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (June 14, 2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy that is typically applied sparingly[.] . . ." *Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004). The focus of the inquiry regarding "extraordinary circumstances" is "on the circumstances surrounding the late filing of the habeas petition" and not on "the circumstances surrounding the underlying conviction." *Helton v. Secretary for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (per curiam).

Movant asks this Court to equitably toll the limitation period based on the following reasons: (1) he is a layman of the law; (2) he has been incarcerated at the Adams County Correctional Center since March 30, 2011, where there are only six computers available to over 2500 inmates, the law library opens for only six

6

hours five days a week and eleven hours the other two days, and "print sessions" are only available two times a day; (3) the law library was closed six days for holidays and ten days for administrative purposes during the limitations period; (4) the copy machine was not functioning properly from December 1, 2011, through January 23, 2012, before it was repaired; and (5) his attorney has failed to provide him with transcripts and other documents from his file. (Doc. 126). None of the circumstances that Movant has alleged – either alone or cumulatively – are extraordinary enough to justify equitable tolling.

That Movant is not a lawyer does not constitute extraordinary circumstances, as prisoners commonly challenge convictions and/or sentences *pro se*. *See Christides v. Commissioner of Social Sec.*, No. 11-10632, 2012 WL 1674182, at *2 (11th Cir. May 14, 2012) (stating that neither *pro se* status or ignorance of the law constitute extraordinary circumstances for equitable tolling); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a petitioner's *pro se* status . . . do[es] not constitute extraordinary circumstances."); *Nunes v. Attorney Gen. of U.S.*, No. 11-2531, 2012 WL 1194866, at *2 (3d Cir. Apr. 11, 2012) ("A petitioner's *pro se* status and lack of knowledge generally do not warrant equitable tolling.").

7

Similarly, limited access to the law library and/or a copy machine do not warrant equitable tolling.[2] *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (holding inmate's transfer to county jail and denial of access to legal papers and law library did not constitute extraordinary circumstances to warrant equitable tolling); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding "[o]rdinary prison limitations" on the prisoner's access to the law library and copier "were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner"); *Alexander v. Schriro*, 312 F. App'x 972, 975 (9th Cir. 2009) (delay in making copies due to prison resource center being temporarily closed for the holidays and prison counselor being on vacation for one week did not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (holding the fact that the prison library was closed for fifteen out of the last thirty-six days of the limitation period did not constitute extraordinary circumstances); *Jackson v. Rednour*, No. 10C6709, 2011 WL 5980984, at *2 (N.D. Ill. Nov. 28, 2011) (holding inability to access the law library or copy machine during lockdowns did not qualify as extraordinary circumstances, because the

---

[2] It is not even entirely clear that Movant's access to the law library was actually limited, as other than the sixteen various days the library was closed, it was open for at least six hours every day during the entire statutory period.

8

petitioner had one hundred days of no lockdown time during a nine-month period, which was more than enough time to visit the law library and consult legal materials); *Colon v. Goord*, No. 9:98-CV-1302 (FJS/GHL), 2009 WL 890554, at *11 (N.D. N.Y. Mar. 30, 2009) (holding delay due to inoperability of copy machine not constitutionally extraordinary circumstances because the petitioner only needed an original petition to file with the clerk and therefore the fact that the copy machine was inoperable did not prevent him from filing his petition). *See also Jones v. United States*, No. 10-5105, 2012 WL 3089348, at *4 (6th Cir. July 31, 2012) ("Generally, to qualify as 'extraordinary circumstances', the petitioner must show more than just his status as pro se or his limited access to a law library."); *Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) ("If we tolled AEDPA's limitation period every time a prisoner with no legal training had his library time strictly regulated, [the limitation period] might as well not exist; few prisoners are lawyers, and few prisons offer their occupants unfettered library access.").

Moreover, Movant's delay in receiving the transcripts from his appellate attorney also does not constitute extraordinary circumstances warranting equitable tolling, as access to transcripts is not necessary to file a habeas petition or a § 2255

9

motion. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) ("[A]ccess to the trial transcript – although understandably helpful to petitioners – is not necessary to file a habeas petition, as was demonstrated in the present case by the fact that [the movant] ultimately filed his petition without ever having received the transcript."); *United States v. Oriakhi*, 394 F. App'x 976, 977 (4th Cir. 2010) ("While [the movant] may have subjectively believed that he could not properly file a § 2255 motion without first reviewing his transcript, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling."). Additionally, Movant's alleged inability to prepare and file a meaningful motion to vacate without his case file and/or transcripts is belied by the fact that he prepared and filed the instant motion despite apparently still lacking those documents. As such, Movant has failed to demonstrate that his case file and/or transcripts were necessary to the timely filing of his § 2255 motion. *See Oriakhi*, 394 F. App'x at 977 (denying equitable tolling because "although [the movant] was actively attempting to obtain a transcript, he has failed to show that a transcript was necessary to the timely filing of his § 2255 motion").

Finally, Movant has not demonstrated diligence. While Movant claims that he was diligent because he filed a motion with this Court and sent a letter to his

10

attorney to request his case file, the motion was filed eight months into the limitations period and Movant's request to his attorney was sent nine months after his attorney previously had sent his entire file to Movant's sister.[3] (Doc. 130, at 8). Although Movant claims that his sister attempted to forward these documents to Movant "to no avail," Movant does not indicate what, if any, further steps he took during the eight to nine months between when Movant's attorney sent the case file to Movant's sister and when Movant filed the motion and sent the letter to his attorney. Nor does Movant indicate why he could not have filed his § 2255 motion in the three months remaining in the limitation period after he received his attorney's response. Instead, Movant waited until sixty-seven days beyond the limitation period to file his motion. As such, he fails to demonstrate that he acted with the requisite diligence for equitable tolling to apply. *See Powe v. Culliver*, 205 F. App'x 729, 735 (11th Cir. 2006) (holding habeas petitioner's unsupported allegation that trial transcript was necessary to file his state post-conviction petition did not demonstrate due diligence warranting equitable tolling);

---

[3] The motion Movant filed with the Court requested a voluminous amount of documents from the Government of the type that more appropriately would be requested during pre-trial discovery rather than post-plea proceedings. The Court denied Movant's motion and instructed him to discuss the documents he needed with his attorney. (*See* Docs. 124, 125).

11

*Applewhite v. Keller*, No. 5:11-HC-2096-F, 2012 WL 3151573, at *4 (E.D. N.C. Aug. 2, 2012) ("[C]ourts generally recognize that a petitioner's efforts to obtain documents from counsel . . . is not, even where those efforts are thwarted, sufficient to warrant equitable tolling from the standpoint of requisite diligence or "extraordinary circumstances."). Thus, Movant has failed to show that despite his diligence, extraordinary circumstances prevented him from filing his motion within the one-year period, and this § 2255 motion is untimely.

B. Movant's Claim for Relief is Barred by the Waiver.

Even if the current motion was not untimely and/or Movant was entitled to equitable tolling, the appeal waiver prohibits Movant from raising his claims. Movant raises two grounds for relief: (1) the Court erred in failing to grant him a safety valve reduction under U.S.S.G. § 5C1.2; and (2) the Court erred by failing to downwardly depart from the sentencing guideline range based on Movant's alien status. Movant is barred from raising these claims.

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Wilson*, 445 F. App'x 203, 207 (11th Cir. 2011); *United States v. Ramos*, 433 F. App'x 893, 895 (11th Cir. 2011);

*Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (citations omitted). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'" *Wilson*, 2011 WL 4840953, at *4 (quoting *Bushert*, 997 F.2d at 1351); *Ramos*, 433 F. App'x at 895-96; *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). In this case, the Government has demonstrated both.

13

The appellate waiver contained in the Plea Agreement provides as follows:

> 23. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross- appeal of that same sentence.

(Doc. 89, Att. 1 at ¶ 23).

The record establishes, and Movant does not deny, that Movant knowingly and voluntarily agreed to the appellate waiver. At his plea hearing, Movant acknowledged that he had voluntarily entered into the plea agreement and that he understood that he was waiving his right to appeal by doing so. (Doc. 120, at 7-9, 12). Movant argues that his claims are not, in fact, barred by the waiver because in failing to grant him a safety valve reduction, the Court "effectively" departed upward from the applicable guidelines range – and under the Plea Agreement he may challenge an upward departure. The Eleventh Circuit, however, rejected this precise argument on appeal. (Doc. 123). As such, the law-of-the-case doctrine

14

prohibits this Court from reconsidering the issue. *See United States v. Lynn*, 385 F. App'x 962, 965-66 (11th Cir. 2010) (holding that appellate court's prior decision that appeal waiver was valid was the law of the case and barred the defendant's subsequent challenge to his sentence); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (quotation marks and citations omitted). Because the appellate waiver is valid, it prohibits Movant from raising both sentencing claims.[4]

IV. Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Anthony Quinn's motion for an extension of time to file a § 2255 motion [Doc. 126] and the motion to vacate sentence [Doc. 127] be **DENIED**.

---

[4] Because the United States does not brief the issue, and because Movant's claim is untimely and waived, the Court does not reach the merits of the claims. The Court notes, however, that sentencing guideline calculations are generally not of constitutional significance as required to be cognizable under § 2255. *See Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (holding claim that a sentencing guidelines provision was misapplied to the petitioner was not a constitutional claim), *cert. denied*, No. 11-6053, __ U.S. __, 132 S. Ct. 1001 (Jan. 9, 2012) ; *Ayuso v. United States*, 361 F. App'x 988, 991-92 (11th Cir. 2010) (holding sentencing claim not cognizable under § 2255 because, *inter alia*, it is not constitutional error).

AO 72A
(Rev.8/82)

## V. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

16

*v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred and/or barred by the appellate waiver. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED ORDERED** this 12th day of September, 2012.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

17